**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GAMAL ABDELAZIZ | No. 1:19-MJ-06087-MPK-3 |

**MEMORANDUM IN SUPPORT OF DEFENDANT GAMAL**
**ABDELAZIZ'S MOTION TO MODIFY PRETRIAL**
**CONDITIONS TO ALLOW INTERNATIONAL BUSINESS**
**TRAVEL**

Defendant Gamal Abdelaziz submits this Memorandum in Support of his Motion that this

Court modify his conditions of pretrial release to allow him to retain control of his U.S. passport

and to travel internationally solely for business purposes with prior notice to Pretrial Services.

I.     **Background**

Mr. Abdelaziz is a successful hospitality industry executive with deep ties to Las Vegas,

Nevada.  After putting himself through college in Egypt, Mr. Abdelaziz immigrated to the

United States in 1982 and started work at the Plaza Hotel in New York City as an Assistant

Room Service Manager.  Mr. Abdelaziz quickly advanced and moved to Las Vegas, Nevada in

1995 to become Senior Vice President at Caesar's Place.  Mr. Abdelaziz has maintained a

residence in Las Vegas ever since,[1] and has held a number of senior executive roles at Las

Vegas-based hospitality companies.  He currently lives in Las Vegas with his wife in a home he

has owned since 2011.  Mr. Abdelaziz has been an American citizen for over thirty years and has

---

[1] While serving as President of a Chinese subsidiary of a public U.S. company based in Las Vegas, Mr. Abdelaziz spent approximately three of these 24 years living in Hong Kong and working in Macau, China.  During this time, Mr. Abdelaziz continued to maintain a residence in Las Vegas.

three grown children who live in the United States.  In 2017, Mr. Abdelaziz founded his own

business, Legacy Hospitality Group, which focuses on developing and managing hotels and

resorts worldwide.

On March 12, 2018, Mr. Abdelaziz was arrested and charged with one count of

conspiracy to commit mail fraud and honest services mail fraud in violation of 18 U.S.C. § 1349.

He had an initial appearance in Las Vegas the same day and was released on a personal

recognizance bond.  *See United States v. Gamel Abdelaziz*, Appearance Bond and Order Setting

Conditions of Release, Case No: 2:19-mj-00180-VCF at 1 (D. Nev. Mar. 12, 2019) (ECF 7).

The District of Nevada restricted Mr. Abdelaziz's travel to the continental United States and

required him to surrender his passport.  *Id.* at 3.  This Court, however, has permitted other

defendants in this matter to travel internationally.  *See* ECF 17 (regarding defendant Hodge); *See*

*also United States v. Sidoo et al.*, Order Setting Conditions of Release, Case No: 1:19-cr-10080-

NMG at 2 (D. Mass. Mar. 15, 2019) (ECF 23) (regarding defendant Sidoo).

II.     **Allowing Mr. Abdelaziz to travel internationally for business purposes is**
        **consistent with the Bail Reform Act and is appropriate in this case.**

When a person, such as Mr. Abdelaziz, "is ordered released by a magistrate judge, or by a

person other than a judge of a court having original jurisdiction over the offense and other than a

Federal appellate court" that person "may file, with the court having original jurisdiction over the

offense, a motion for amendment of the conditions of release.  The motion shall be determined

promptly."  18 U.S.C. § 3145(a)(2).  Under the Bail Reform Act, in setting pretrial conditions,

the judicial officer shall choose "the least restrictive further condition, or combination of

conditions, that such judicial officer determines will reasonably assure the appearance of the

person as required and the safety of any other person and the community."  18 U.S.C. §

3142(c)(1)(B).  The judicial officer shall consider "character, physical and mental condition,

family ties, employment, financial resources, length of residence in the community, community

ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record

concerning appearance at court proceedings; and whether, at the time of the current offense or

arrest, the person was on probation, on parole, or on other release…" 18 U.S.C. § 3142(g)(3)(A)-

(B).  The government must prove by a preponderance of the evidence that a pretrial restriction in

necessary to ensure a defendant's appearance at trial.  *United States v. Patriarca*, 948 F.2d 789,

793 (1st Cir. 1991).

Restricting Mr. Abdelaziz's international travel is unnecessary to ensure his appearance

at trial, and thus, under § 3142(c)(1)(B), it is not required.  Mr. Abdelaziz is an upstanding

member of the Las Vegas community, where he has longstanding ties.  He has never been

arrested and has served as a senior executive for large, public U.S. hospitality companies.  He

has called Las Vegas home since 1995 and currently resides there with his wife in a house he has

owned for approximately eight years.  All of his children reside in the United States.  As such,

the factors this Court must consider under § 3142(g)(3)(A)-(B) weigh heavily against restricting

Mr. Abdelaziz's international travel.

Moreover, fleeing would not be in Mr. Abdelaziz's self-interest.  *See Patriarca* at 795

(affirming finding that confinement was unnecessary in part because fleeing was not in

defendant's self-interest.).  Mr. Abdelaziz is, of course, presumed innocent and is in fact

innocent of the charge against him.  His paramount goal in these proceedings is to clear his good

name.  Fleeing would prohibit Mr. Abdelaziz from having the opportunity to do so, would cause

his assets to be frozen, would decimate his business, and would prevent Mr. Abdelaziz from

seeing his wife and children.  Furthermore, by the government's own estimate, the low end of the

applicable sentencing guideline range for all the parents in this case is fairly low (21 months) and

certainly not significant enough to cause Mr. Abdelaziz to abandon his family and life in the

United States.  Of course, fleeing would drastically raise the sentencing guidelines and greatly

increase the potential for a substantial upward departure from the guidelines.  *See id.* at 794 (in

determining that fleeing was not in defendant's self-interest, trial court appropriately considered

that if the defendant fled, there would be "the possibility of a substantial upward departure at

sentencing.").  In sum, restricting Mr. Abdelaziz's travel is not in accord with § 3142(c)(1)(B) in

light of his strong ties to Las Vegas and his strong self-interest in confronting the charge against

him.

      Importantly, international travel is essential to the success of Mr. Abdelaziz's business,

Legacy Hospitality Group, and to his own livelihood.  As an early stage company, Legacy

Hospitality Group relies heavily on Mr. Abdelaziz and his personal relationships to generate

investment and close deals.  Because Legacy Hospitality Group will partner with hotel builders

worldwide to develop and manage their hotels, it is necessary for Mr. Abdelaziz to occasionally

travel to visit potential hotel sites and to meet with business partners.  Mr. Abdelaziz cannot

effectively function in this role from the United States without the ability to occasionally travel

internationally.  Having been involved in the design, development, construction, and renovation

of some of the most notable hotels in the world (e.g., the Bellagio in Las Vegas, and the Wynn

Palace in Macau), Legacy Hospitality Group's investors and business partners expect Mr.

Abdelaziz's personal, on-the-ground involvement in the development of their hotels and resorts.

As an example, Mr. Abdelaziz has a long planned meeting during the first week of April in

Mexico regarding the development of a new resort.  To the extent Mr. Abdelaziz cannot provide

such personal, on-the-ground involvement, Mr. Abdelaziz's livelihood is jeopardized and affects

his ability to defend himself in this case.

Because Mr. Abdelaziz's travel is necessary for business, permitting it is consistent with how this Court treated other defendants in this case. Specifically, when faced with a similar situation regarding defendant Douglas Hodge's need to travel for business, this Court allowed Mr. Hodge to travel internationally for business purposes. *United States v. Abbott et al.*, Order Setting Conditions of Release (ECF 17).  Allowing Mr. Abdelaziz to also travel internationally for business purposes is fair and consistent with this Court's prior ruling.

### III.     Conclusion

For the foregoing reasons, Mr. Abdelaziz respectfully requests this Court to modify his conditions of pretrial release to allow him to retain control of his U.S. passport and to travel internationally for business purposes with prior notice to Pretrial Services.

Respectfully submitted,

GAMAL ABDELAZIZ

By his attorneys,

 */s/ Brian T. Kelly*
Brian T. Kelly (BBO No. 549566)
Joshua C. Sharp (BBO No. 681439)
NIXON PEABODY LLP
53 State Street
Boston, MA 02109
617-345-1000
bkelly@nixonpeabody.com
jsharp@nixonpeabody.com

Dated: March 28, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the forgoing was filed electronically on March 28, 2019, and thereby delivered by electronic means to all registered participants as identified on the Notice of Electronic Filing.

/s/ Brian T. Kelly
Brian T. Kelly